Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

Tampa Division

| | |
|---|---|
| ADOLPHUS F. PARKER | Case No. 8:23 cv 738 MSS-AAS |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ✓ Yes ☐ No |
| -v- | |
| CITY OF TAMPA, FLORIDA | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.



Page 1 of 6

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

I. **The Parties to This Complaint**

    A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ADOLPHUS F. PARKER |
| Address | 801 E. ST. CLAIR STREET - APT A |
| | TAMPA, FL 33602 |
| | *City   State   Zip Code* |
| County | HILLSBOROUGH |
| Telephone Number | 813-516-4623 |
| E-Mail Address | adolphushhh@gmail.com |

    B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CITY OF TAMPA, FLORIDA |
| Job or Title *(if known)* | |
| Address | 315 E. KENNEDY BLVD |
| | TAMPA, FL 33602 |
| | *City   State   Zip Code* |
| County | HILLSBOROUGH |
| Telephone Number | 813-274-8996 |
| E-Mail Address *(if known)* | Andrea.Zelman@tampagov.net |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | *City   State   Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3
   Name _____
   Job or Title *(if known)* _____
   Address _____
   _____
   *City*          *State*          *Zip Code*
   County _____
   Telephone Number _____
   E-Mail Address *(if known)* _____

   [ ] Individual capacity   [ ] Official capacity

Defendant No. 4
   Name _____
   Job or Title *(if known)* _____
   Address _____
   _____
   *City*          *State*          *Zip Code*
   County _____
   Telephone Number _____
   E-Mail Address *(if known)* _____

   [ ] Individual capacity   [ ] Official capacity

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

   [ ] Federal officials (a *Bivens* claim)

   [✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
   1ST AMENDMENT FREE EXERCISE OF RELIGION AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
SEE ATTACHMENT

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?
THE CHALLENGED CITY OF TAMPA'S ZONING ORDINANCE VIOLATION OCCURRED AT MY PRIVATE RESIDENCE ON 801 E. ST. CLAIR STREET, APT A, TAMPA, FL 33602, WHICH IS THE DOWNTOWN TAMPA NEIGHBORHOOD.

B. What date and approximate time did the events giving rise to your claim(s) occur?
THE ZONING VIOLATION, WHICH STOPPED MY RELIGIOUS ACTIVITY, OCCURRED ON JAN. 25, 2023, APPROXIMATE TIME BETWEEN 1PM - 4PM.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
SEE ATTACHMENT

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

**SEE ATTACHMENT**

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/10/2023

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Adolphus F. Parker

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
  City / State / Zip Code
Telephone Number _____
E-mail Address _____

## II. BASIS FOR JURISDICTION
## ATTACHMENT D

1. Defendant, The City of Tampa, Florida enacted Zoning Ordinance Section 27-156 table 4.1, stipulates an "Emergency shelter facility" is not a permitted use on residential district.

2. In 27-43 Section 2, the definition of Emergency shelter facility is "[A] facility providing temporary residential housing, rooming –or dormitory-style (with or without board), for persons otherwise homeless or seeking shelter from abuse".

3. The challenged Ordinance prohibits me from practicing the free exercise of my religion in regard to inviting a homeless stranger into my personal residence to share the Gospel of Jesus Christ and give him shelter for one night.

4. In the Bible, according to my Lord and Savior Jesus Christ, Matthew Chapter. 25 verses 31-46 "...For I was hungry and you gave me food, I was thirsty and you gave me drink, I was a stranger and you gave me shelter..." The Word of God compels me to give a stranger shelter.

5. These verses, 31-46 are condemnation for a person of the Christian faith who does not adhere to it.

6. The Challenged City ordinance prohibits me from practicing my faith in my home if I'm not allowed to give a stranger shelter for one night.

## **ATTACHMENT D - CONTINUED**

7. The Challenged Ordinance is not narrowly tailored.

8. The Challenged Ordinance is vague.

9. The Challenged Ordinance does not explain how many individuals constitute a facility.

10. The Challenged Ordinance's definition 27-43 Section 2 is arbitrary and violates the 14th Amendment.

11. The Defendant, The City of Tampa's Challenged Ordinance is not the least restrictive way for the City's compelling interest.

12. Because the challenged City Ordinance burdens fundamental First Amendment rights, it also violates the Equal Protection Clause by allowing other Tampa residents of another faith in zip codes other than 33602 to engage in the same Act of inviting homeless strangers into their residence for shelter without repercussion from the City.

# III. Statement of Claim
## ATTACHMENT C

1. I, Adolphus Parker have leased 801 E. St. Clair Street, Apt. A, Tampa, FL 33602 as my private residence since May 2, 2018.

2. The 801 E. St. Clair residence is located exactly 153 feet from Nebraska Ave. where approximately seventy-five predominantly African American homeless individuals congregate on the public sidewalk each day.

3. I, Adolphus Parker, am a born again Christian who believes in the death, burial and resurrection of my LORD and SAVIOR JESUS CHRIST.

4. I, Adolphus Parker have been inviting homeless friends and strangers into my private residence as I share the Gospel of Jesus Christ with them.

5. I, also allow homeless friends and strangers to come to my residence and do laundry, take showers at no charge from time to time as a way to show that Christ loves them.

6. I, Adolphus Parker pray and share my faith on a daily basis with the homeless because the bible instructs me to entertain strangers for by doing so I might entertain angels without knowing it. (Hebrews 13: 2)

7. Defendant, City of Tampa is using a zoning ordinance 27-156 Table 4-1 to prevent me from practicing my biblical mandate of Jesus Christ in regard to sharing the Gospel and giving shelter to a homeless person at no charge for one night.

## **ATTACHMENT C - CONTINUED**

8. On January 10, 2023, Director of Code Enforcement Neighborhood Enhancement Mr. Keith O'Connor along with Code Enforcement Supervisor B.J. Slatton and Inspector Robert Corley came to my personal residence.

9. Director Keith O'Connor accused me of running a business and a boarding house and ordered me to stop.

10. Director Keith O'Connor asked to inspect my residence.

11. I explained to Director Keith O'Connor and his colleagues that I have been ministering to the homeless at my 801 residence for five years

12. I explained to Director Keith O'Connor that the Word of God in Matthew Chapter 25: Verse 31-46 compels me to invite homeless strangers into my residence as a devotion to my LORD and SAVIOR JESUS CHRIST.

13. I explained to Director Keith O'Connor that it is my duty as a child of God to show the love of Christ by allowing the homeless to take showers and do laundry in my home.at no charge.

14. I also reminded Director Keith O'Connor that my nonprofit, Homeless Helping Homeless, Inc. that I founded 13 years ago has other facilities that provide emergency/transitional shelter and permanent housing to the chronic homeless.

15. I explained t Director Keith O'Connor that 801 is my personal residence nd where I sleep every night.

## ATTACHMENT C - CONTINUED

16. Director Keith O'Connor commented that if my residence were across the street there would not be an issue, however he said I cannot offer homeless individuals shelter at this residence.

17. I told Director Keith O'Connor that if he continued to harass and intimidate me I will take legal action against the City of Tampa.

18. I told Director Keith O'Connor and his colleagues that I refused to let them come in my residence to inspect that I'm not running a boarding house.

19. Director Keith O'Connor told me that I have the right to not let them come inside my residence to inspect.

20. Director Keith O'Connor got into his car to leave.

21. Before Supervisor Slatton and Inspector Corley got into their vehicle to leave, I explained to them on two other occasions in the past, Director Keith O'Connor had come to my residence in an official City capacity in regard to the homeless with whom I associate at my 801 residence.

22. I further explained that Director Keith O'Connor had displayed borderline racism toward me and my homeless friends to whom I minister the Word of God and I didn't want Director Keith O'Connor inside my residence anymore.

23. Supervisor Slatton said that explained why I refused to allow her and Inspector Corley just then to come and inspect my residence since the last time they asked I allowed them to inspect and it was no problem.

## **ATTACHMENT C - CONTINUED**

24. At that point, I immediately invited Supervisor Slatton and Inspector Corley to inspect my residence.

25. Supervisor Slatton and Inspector Corley then inspected my residence.

26. They thanked me for allowing them to inspect for the second time in less than a six month period.

27. On January 25, 2023, Inspector Corley came and placed a zoning violation for running a shelter and a business on my residence door and he did not inspect the premises.

28. Inspector Corley explained to me that the zoning department handed him the violation to place on my residence door.

29. I told Inspector Corley that I believed that the Defendant, the City of Tampa is simultaneously trying to eradicate me and the homeless from this 33602 downtown Tampa neighborhood.

30. The last thing I shared with Inspector Corley was that any other Tampa resident in a zip code other than 33602 can invite a stranger into their home and offer them shelter for one night but I can't do so at my 801 residence because I'm in the wrong zip code.

31. Inspector Corley cordially said goodbye and left.

# V. RELIEF
# ATTACHMENT

1. I, Adolphus Parker, respectfully request that the Court enter judgment in my favor and against Defendant, and award the following relief:

2. Declare that the Challenged Zoning Ordinance Section 27-156 table 4-1 violates the First and Fourteenth Amendments of the United States Constitution, both on its face and as applied to me:

3. Preliminarily and permanently enjoin Defendant, City of Tampa, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice of the injunction, from prohibiting me from practicing my religion to adhere to a Christian biblical mandate of sharing the Gospel of Jesus Christ as well as giving a homeless stranger shelter overnight at my residence.

4. I, Adolphus Parker, am requesting emergency injunctive relief stopping the City of Tampa from enforcing the Challenged Zoning Ordinance Section 27-156 table 4-1, which is forcing my landlord, Pawan Rattan, not to renew my lease on May 3, 2023 at my 801 E. St. Clair Street, Apt. A, Tampa, FL 33602 residence and thusly making me homeless.

5. Punitive damages in the amount of 28.2 million dollars;

6. This Challenged Ordinance is causing me great emotional distress in regard to the following: 1) I'm unable to sleep, 2) I'm depressed and worried because my landlord isn't renewing my lease on May 3, 2023

## V. RELIEF CONTINUED

7. due to the Challenged City ordinance violation and I could be homeless, 3) I'm rapidly losing weight, 4) In the last 60 days I had four panic attacks and 5) I have feelings of being overwhelmed.

8. Award me costs and reasonable attorneys' fees in this action;

9. Grant me such other relief as this Court may deem just and proper.

10. The basis of this claim is my mental anguish, suffering and depression due to the City's Challenged Ordinance which is a violation of my 1st and 14th Amendment rights in regard to the free exercise of my religious liberty.